IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:09CR203 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN G. GIESSINGER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing No. 63). In his § 2255 motion, defendant asserts he was (1) "misinformed and misled by counsel and failed to direct arguments on PSR calculations. Counsel appointed by the Eighth Circuit assisted ineffectively by circumventing and disregarding defendant's request to oppose calculations" and (2) his "Armed Career Criminal enhancement under [18 U.S.C.] § 924(e) was erroneously applied to criminal history. One past charge was no longer applicable towards enhancement calculations due to the expired time limit provided in sentencing guidelines handbook."

On May 21, 2009, a one-count Indictment was filed in the United States District Court for the District of Nebraska, charging defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(d), and 924(e)(1) (Filing No. 1). On February 5, 2010, defendant entered a plea of guilty pursuant to a plea agreement (Text Minute Entry 40, Filing

No. 43).  On April 21, 2010, this Court found defendant was an Armed Career Criminal and imposed upon defendant the statutory mandatory minimum sentence of 180 months incarceration to be followed by a three-year term of supervised release (Filing No. 54).  After a motion to reduce sentence was filed by the government and an evidentiary hearing was held, defendant's sentence was reduced to 80 months incarceration on October 18, 2010, based on defendant's cooperation with the government (Text Minute Entry 61, Filing No. 62).

Defendant's claim that one of his past charges "was no longer applicable toward enhancement calculations due to the expired time limit provided in sentencing guidelines handbook" is without merit.  Section 4B1.4 of the 2010 United States Sentencing Commission Guidelines Manual addresses defendants who are subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).  Section 4B1.4 provides no "time limit" for crimes that are applicable toward enhancement calculation; and further provides:

> It is to be noted that the definitions of "violent felony" and "serious drug offense" in 18 U.S.C. § 924(e)(2) are not identical to the definitions of "crime of violence" and "controlled substance offense" used in §4B1.1 (Career Offender), *nor are the time periods for the counting of prior sentences under §4A1.2 (Definitions and Instructions for Computing Criminal History) applicable to the determination of whether a defendant is subject to an enhanced*

*sentence under 18 U.S.C. § 924(e).*

Section 4B1.4 (United States Sentencing Commission Guidelines Manual 2010) (emphasis added).

Thus, there is no merit to defendant's claim that his sentence should be vacated, set aside or corrected, and in effect no showing that his counsel was ineffective. The Court further notes that defendant previously waived any and all rights to appeal his sentence imposed by this Court. *See* Filing No. 43, para. 12. Therefore, defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 14th day of December, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court